Anthony O. Egbase(SBN:181721)
Onyinye Anyama  (SBN:262152)
Victoria T. Kajo (SBN:265037)
Gerald O. Egbase (SBN:213331)
**LAW OFFICES OF ANTHONY O. EGBASE & ASSOCIATES**
The World Trade Center
350 South Figueroa Street, Suite 189
Los Angeles, California 90071
Tel: (213)620-7070   Fax: (213)620-1200
info@anthonyebaselaw.com www.anthonyebaselaw.com

Attorneys for Debtor and Debtor in Possession.

### UNITED STATE BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re**<br><br>**IRVINE BROTHERS, INC.**<br>**DBA WS CHINA BRITRO**<br><br><br><br><br><br><br><br><br>**Debtor-in-Possession** | **CASE NO.8:10-BK12014-TA, A CHAPTER 11**<br>**DEBTOR'S REQUEST TO CHANGE VENUE AND NOTICE OF MOTION AND MOTION FOR JOINT ADMINISTRATION OF CASES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF FERNANDO CHONG IN SUPPORT THEREOF**<br><br>[No Hearing Required Unless Requested ]<br><br>Pursuant to FRBP 1014(b),1015(b) and LBR 9013-1(0) |

PLEASE TAKE NOTICE that **IRVINE BROTHERS, INC. DBA WS CHINA**

**BRITRO** and the debtor and debtor in possession in Case No. **8:10-BK12014-TA**, and Fernando

Chong & Sikhan Chong, the "Debtors , the debtors and debtors in possession in Case No. **2:10-**

**bk-34379,**hereby move the court, by way of this notice of motion (the "Notice") and motion (the

"Motion") for the entry of an order of the Court authorizing and directing the joint administration

of the Debtors' pending chapter 11 cases (the "Cases").

As set forth in the further detail in the annexed memorandum of points and authorities

(the "Memorandum") and the declaration of Fernando Chong in support thereof ("the Chong's

1   Declaration"), good cause for the joint administration of the Debtors' Cases exists because,

2   among other things, (1) nearly all of the Chong's debt arises from guaranties of IRVINE

3   BROTHERS, INC's debt, (2) the Chong's, who, together with their brothers, own 100% of

4   **IRVINE BROTHERS, INC,** have a vested interest in obtaining a successful outcome in both

5   cases, (3) there will be a number of overlapping issues in the Cases, (4) the interests of judicial

6   economy would be served by jointly administering the Cases, (5) joint administration will avoid

7   duplicative expenses, and (6) joint administration will help to ensure that creditors in the Cases

8   will receive appropriate notice of pertinent matters,

9

10  **PLEASE TAKE FURTHER NOTICE** that this Motion is based upon 11 U.S.C. §

11  105(a), Fed, R. Bankr, P. 1015, Local Bankruptcy Rules 1015-1 and 9013-1(0), this Notice of

12  Motion and Motion, the Memorandum, the Chong Declaration, the entire record of the Cases, the

13  statements, arguments and representations of counsel to he made at the hearing on the Motion, if

14  any, and any other evidence properly presented to the Court at or prior to any hearing on the

15  Motion,

16  **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(0) (1)

17  requires that any response and request for hearing of this Motion must be filed with the Court

18  and served on the Office of the United States Trustee and Debtors' counsel, whose name and

19  address is set forth in the upper, left-hand corner of this Notice, within 15 days after the service

20  Of this Notice. The failure to timely respond to this Motion may be deemed to be consent to the

21  relief requested in this Motion.

22

23  **WHEREFORE,** the Debtors respectfully request that the Court enter an order:

24          (a)     affirming the adequacy of the notice 'given;

25          (b)     granting the Motion in its entirety;

26          (c)     authorizing the joint administration of the Cases;

27          (d)     approving the form of caption suggested by the Debtors herein; and

28

1    (e)    granting such other and further relief as the Court deems just and proper under the

2    circumstances of the Cases.

3

4    Dated: June 17 2010

5

6                        IRVINE BROTHERS, INC. DBA WS CHINA BRITRO

7

8                        _____

                        Fernando Chong & Sikhan Chong.

9

10

11                        Anthony O. Egbase.

12                        Cheryl Christopher.

13            Attorneys for IRVINE BROTHERS, INC. DBA WS CHINA BRITRO

14

15            _____

16                        Anthony O. Egbase.

17            Proposed Attorney for Fernando Chong & Sikhan Chong

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS
### The Debtors and the Filing of the Debtors Chapter 11 Bankruptcy Cases.

### FACTUAL BACKGROUND

1.      On February 18, 2010, Debtor IRVINE BROTHERS, INC. filed a voluntary petition in this Court for reorganization relief pursuant to Chapter 11 of the Bankruptcy Code. Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      **Business operations of Debtor**. Debtor is a full service fine dining restaurant and a corporation with its facility located in a shopping center, movant premises. The Debtor is engaged in the business of fine dining and full service restaurant. Debtor's assets include a leased property, (Movant's Property) machinery and equipment, inventory, work-in-process, raw materials and accounts receivable.

3.      **Creditors' Committee.** No creditors' committee has yet been appointed by the United States Trustee.

4.      **Pre-petition History.** Irvine Brothers, Inc was incorporated in 2007 by 'The Irvine Brothers", The decision to incorporate the company was based on the projections by the Brothers (seasoned restaurateurs) that, there was a need for an upscale fine dining establishment in the city of Irvine, the location of the business .The initial fund to set up the Irvine Brothers Inc.'s was an SBA loan obtained by the corporation from Wells Fargo. Wells Fargo secured its loan with the intangibles, machineries of the restaurant and other personal property of the Debtors. Shortly after the debtor started business restaurants in the Irvine area experienced a significant and sustained decrease in demand for dining. This downturn completely cut short the debtor's projections and has left the

DEBTOR'S NOTICE OF MOTION AND MOTION FOR JOINT ADMINISTRATION OF CASES- 4

debtor struggling since inception. Debtor has been unable to pay its rent to Irvine

Company (Lessee) and has continually negotiated partial payment of its rented location.

On or about June 2009, negotiated an arrangement whereby debtor would pay the sum of

$10,000 monthly while it carried back the balance of 6000 into future payments. On or

about February 16, 2010, negotiations completely broke down with its Lessee(Irvine

Brother's Inc) .The Lessee filed an unlawful detainer action in the Superior Court of

California Case # 30-2010 00344477. Debtor on 2/18/10 immediately filed a chapter 11

petition.

These Difficulties caused by this adverse market conditions also had an adverse impact

on the Chong's personal financial position. The Chong have been unable to meet there

mortgage obligations with their lenders and the personal guarantees of the loan with the

S.B.A and the lease.

On January 6, 2010, the Chong's residential mortgage lender recorded a notice of

trustee sale against the Chong's home. Their home was scheduled for trustee sale on June

16 2010. On June 15 2010, the Chong's filed a chapter 11, Bankruptcy petition.

The Debtors intend to proceed in a transparent manner, to formulate a viable plan of

reorganization that deleverages its balance sheet and provide the necessary liquidity as

possible and with a finical and operational structure that ensures their continued success

## II.

## DISCUSSION

F.R.B.P 1014(b) provides "Procedure when petitions involving the same debtor or related
debtors are filed in different courts.

1   If petitions commencing cases under the Code are filed in different districts by or against (1) the
2   same debtor, or(2) a partnership and one or more of its general partners, or (3) two or more
3   general partners, or (4) a debtor and an affiliate[1], on motion filed in the district in which the
4   petition filed first is pending and after hearing on notice to the petitioners, the united states
5   trustee and other entities as directed by the court, the court may determine, in the interest of
6   justice or for the convenience of the parties, the district or districts in which the case or case
7   should proceed. Except as otherwise ordered by the court in the district in which the petition
8   filed first I spending, the proceedings on the other petitions shall be stayed by the courts in which
9   they have been filed until the determination is made)"

10   Debtor Irvine brother's Inc first filed case # **8:10-BK12014-TA**  in this court. Fernando Chong
11   & Sikhan Chong, filed Case No. **2:10-bk-34379**, on June 15 2010. Debtor thereby request venue
12   be transferred to Santa Ana Court.

13        The Debtors further request that the Court approve joint administration of their estates.
14   Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that
15   the Court may order the joint administration or cases involving a debtor and an affiliate[2] where
16   such an order "may tend to avoid unnecessary costs and delay." Fed, R. Bankr, P. 1015(b) (4) &
17   (c),Bankruptcy Rule 1015 is designed to promote the fair and efficient. administration of related
18   cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly
19   prejudiced. See 8 Collier on Bankruptcy ¶ 1015.03 (15th Ed. 1990); In re Brookhollow Assocs.,
20   435 F.Supp. 763, 766 (D. Mass. 1977), aff'd, 575 F.2d 1003 (1st Cir.1986) (joint administration
21   "help[s] the bankruptcy court to administer economically and efficiently different estates with
22   Substantial interests in common"); In re H&S Transportation Co., 55 B.R. 786 (Bankr.
23   M.D.Term. 1985).

24        Unlike substantive consolidation which pools the assets and liabilities or related entities,
25   joint administration is merely procedural; each of the Debtors' estates herein would remain a
26
27

[1]  Under the definition of "affiliate" in Bankruptcy Court, the Debtors are 'affiliate." See  11 U.S.C. Sec 10 (2 (A) and (B).

DEBTOR'S NOTICE OF MOTION AND MOTION FOR JOINT ADMINISTRATION OF CASES- 6

separate legal entity and individual rights against each estate are preserved. In re N.S. Garrott & Sons, 63 R.R. 1 89, 191 (E.D. Ark. 1986); In re Arnold, 33 B.R. 765, 767 (Bankr. E.D.N.Y. 1983).

Joint administration of the Cases is warranted and appropriate under Bankruptcy Rule 1015(b). As set forth above, (1) nearly all of the Chong's debt arises from guarantees of IRVINE BROTHERS, INC's debt, (2.) the Chong's have vested interest in obtaining a successful outcome in both cases, (3) there will be a number of overlapping issues in the Cases, (4) the interests of judicial economy would be served by jointly administering the cases, (5) joint administration will avoid duplicative expenses and (6) joint administration will help to ensure that creditors in the Cases will receive appropriate notice of pertinent matters.

Therefore, the affairs of the Debtor are sufficiently intertwined to make joint administration of the Cases more efficient and economical than separate administration. Joint Administration will greatly reduce the costs in administering these Cases and would serve to eliminate any potential confusion and waste associated with maintaining separate dockets. Moreover, joint administration would eliminate the need for filing duplicative pleadings in each of the Cases and would reduce the burden for the Clerk's Office in administering the Cases.

Further, the Debtors believe that there would be no material prejudice to any creditor if the Cases are jointly administered. indeed, ueditors of the Debtors' estates will benefit from the reduction of administrative costs and fees. Moreover, to the extent any conflict between the estates herein arises, the Court may take further steps to modify order of joint administration or the orders employing ANTHONY O. EGBASE & ASSOCIATES to eliminate any such conflict. In light of the foregoing, the Court should exercise its discretion under Bankruptcy Rule 1015(b) and order joint administration of the Cases.

In the event the Court orders joint administration of the Cases, the Debtors respectfully suggest that the IRVINE BROTHERS, INC case be used as the lead case, as it has a lower case number, and that the following caption be approved

# UNITED STATE BANKRUPTCY

## COURT CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re**<br><br>**IRVINE BROTHERS, INC.**<br>**DBA WS CHINA BRITRO** | Lead CASE NO.**8:10-BK12014-TA**, (Jointly Administered with FERNANDO CHONG & SIKHAN CHONG - CASE NO **2:10-bk-34379**) |
| | Chapter 11 Cases |
| **In re**<br><br>**FERNANDO CHONG & SIKHAN**<br>**CHONG.**<br><br>**Debtor** | |
| ☐ Affects All Debtors<br>☐ Affects Irvine Brothers, Inc.<br>  Dba Ws China Britro<br>☐ Affects Fernando Chong & Sikhan Chong Only | **Hearing:**<br>Date:_____, 2010<br>Time:<br>Ctrm: Courtroom "5b"<br>411 West 4th Street.<br>Santa Ana , CA 92701 |

## III.

## CONCLUSION

Based on the foregoing. the Debtors submit that approval by this Court of the Motion is

in the best interests of the Debtors estates and respectfully request that the Court enter an order:

  (a)    affirming the adequacy of the notice given;

  (b)    granting the Motion in its entirety;

  (c)    authorizing the joint administration of the Cases;

1      (d)     approving the form of caption suggested by the Debtors   herein; and

2      (c)     granting such other and further relief as the Court deems just and proper under the

3      circumstances of the Cases.

4  Dated: June 17, 2010

8                        Anthony O. Egbase.

9           Proposed Attorney for Fernando Chong & Sikhan Chong

## DECLARATION OF FERNANDO CHONG

I, **FERNANDO CHONG**, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I make this Declaration in support of the Motion and Memorandum to which this Declaration is attached. Unless otherwise stated, all capitalized terms herein have the same meanings as in the Motion and Memorandum.

3. I am the president of IRVINE BROTHERS, INC. DBA WS CHINA BRITRO On February 18, 2010; IRVINE BROTHERS, INC filed a voluntary petition under Chapter 11 of Bankruptcy Code. IRVINE BROTHERS, INC is operating its business and managing its financial affairs and operating its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1 108 of the Bankruptcy Code.

4. On June 15, 2010, my wife and I filed a voluntary petition under Chapter 11 the Bankruptcy Code. We are operating our business, managing our financial affairs, and operating our bankruptcy estate as debtors in possession pursuant to Sections 1 107 and 1 108 of the Bankruptcy Code.

5.   My wife and I, together with my two brothers (Roberto Chong and Marcelino Chong), own 100% of the equity of IRVINE BROTHERS, INC.

6. On February 18, 2010, Debtor IRVINE BROTHERS, INC filed a voluntary petition in this Court for reorganization relief pursuant to Chapter 11 of the Bankruptcy Code. Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. The Debtor is engaged in the business of fine dining and full service restaurant. Debtor's assets include a leased property, located in 17585 Harvard Ave, Suite A Irvine, CA 92614 machinery and equipment, inventory, work-in-process, raw materials and accounts receivable.

8. Irvine Brothers, Inc was incorporated in 2007 by 'The Irvine Brothers", The decision to incorporate the company was based on the projections by the Brothers (seasoned restaurateurs) that, there was a need for an upscale fine dining establishment in the city of Irvine, location of the business .The initial fund to set up the Irvine Brothers Inc.'s was an SBA loan obtained by the corporation from Wells Fargo. Wells Fargo secured the loan by the intangibles of the restaurant and other personal property of the Brothers. Shortly after the IRVINE BROTHERS, INC

started business, there was significant decrease in the demand for dinning out. Thus completely cut short the brother's projections and has left the brothers struggling since inception. Debtor has been unable to pay its rent and has continually negotiated partial payment of it rental obligation. On or about June 2009, IRVINE BROTHERS, INC negotiated an arrangement whereby it would pay the sum of $10,000 monthly, while it carried back the balance of 18,000 into future payments. On or about February 16, 2010, negotiations completely broke down with its Lessee (Irvine Company) . Irvine Company filed an unlawful detainer action in the Superior Court of California Case # 30-2010 00344477. After the filing of the unlawful detainer action IRVINE BROTHERS, INC was forced in filing for Bankruptcy protection

9. That as a result of the downturn in our business, my wife and I have been unable to meet our financial obligations including but not limited to making timely payments on our mortgages and credit card obligations.

10. That our family  home was scheduled for trustee sale by our Leander on June 16 2010 at

11. That my wife and I filed a petition for Bankruptcy under chapter 11 on June 15 2010

12. My wife and I personally guaranteed Irvine Brothers, Inc obligations to the Wells Fargo Bank (SBA Loan). We also personally guaranteed a number of other IRVINE BROTHERS, INC business debts including the lease with Irvine company.

13. As a result of Irvine Brothers, Inc financial difficulties and inability to remain current on its debt obligations, including those for the payment of salaries for me and my wife, (a) a number of IRVINE BROTHERS, INC creditors have made demands and initiated litigation against my wife and I based on our guaranty obligations, and (b) my wife and I have been unable to remain current on the SBA Loan. Based on the foregoing events, among others, my wife and I were forced to seek protection under chapter 11 of the Bankruptcy Code in order to gain control over our assets, to continue to work towards reorganization in the IRVINE BROTHERS, INC bankruptcy case, and to restructure our existing debts.

14. On June 8, 2010. The Court entered an order approving Irvine Brothers, Inc application to employ Anthony O. Egbase and Cheryl L. Cheryl Christopher as Irvine Brothers, Inc bankruptcy counsel.

15. I believe that joint administration of the Cases is warranted and appropriate, because (I) nearly all of my wife's and I debt arises from guaranties of Irvine

Brothers, Inc debt. My wife and I have a vested interest in

obtaining a successful outcome in both Cases, (3) there

will be a number of overlapping issues in the Cases, (4)

the interests of judicial economy would be served by

jointly administering the cases, (5) joint administration

will avoid duplicative expenses, and (6) joint

administration will help to ensure that creditors in the

Cases will receive appropriate notice of pertinent matters.

16. Therefore, I believe that the affairs of the Debtors are

sufficiently intertwined to make joint administration of

the Cases more efficient and economical than separate

administration I also believe that joint administration

will greatly reduce the costs administering these Cases and

would serve to eliminate any potential confusion and waste

associated with maintaining separate dockets. Moreover,

joint administration should eliminate the need for filing

duplicative pleadings in each of the Cases and would reduce

the burden for the Clerk's Office in administering the

Cases.

17. Further, I believe that that there would be no material

prejudice to any creditor if the Cases are jointly

administered, indeed, creditors of the Debtors  estates

will benefit from the reduction of administrative costs and

fees. Declared under penalty of perjury that the foregoing

is true and correct. Executed this day of 17 June 2010, at

Manhattan Beach , California.

Dated: 17 June 2010

FERNANDO CHONG

FERNANDO CHONG
(President of Irvine Brothers, Inc. Dba Ws China Britro)

DEBTOR'S NOTICE OF MOTION AND MOTION FOR JOINT ADMINISTRATION OF CASES- 1:

| In re:<br>Irvine Brothers, Inc. dba Ws China Bistro<br>and Chong, Fernando | CHAPTER: 11 |
|---|---|
| | CASE NUMBER: 8:10-bk-12014-TA and |
| Debtor(s). | CASE NUMBER: 2:10-bk-34379 |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**World Trade Center, 350 S. Figueroa Street, Suite 189, Los Angeles, CA 90071**

A true and correct copy of the foregoing document described as **Debtor's Request to Change Venue and Notice of Motion and Motion for joint Administration of Cases; Memorandum of Points and Authorities and Declaration of Fernando Chong in support thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **6/17/2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **6/17/2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/17/2010 | Joanne Sanchez | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**
Best Case Bankruptcy

Irvine Brothers, Inc. dba Ws China Bistro
17585 Harvard Ave, Suite A
Irvine, CA 92614

Anthony O Egbase, Esq.
Law Offices of Anthony O. Egbase
The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071

Cheryl L. Christopher
9107 Wilshire Blvd, Suite 500
Beverly Hills, CA 90210

E.D.D
Bankruptcy Group MIC
P.O. Box 826880
Sacramento, CA 94280

Fernando Chong

Harbor Distributing
Los Angeles, CA 90084

Ingardin Brothers
700 Earthaway street
Santa Ana, CA 92705

Irvine Company
100 Innovation Drive
Irvine, CA 92617

Law Offices of Dennis F. Fabozzi
41955 Fourth Street, Suite 300
Temecula, CA 92590

Marceline Chong

Office of the U.S. Trustee
Nancy Goldenburg, Attorney
Terry Biers, Analyst
411 W. Fourth St, Suite 9041
Santa Ana, CA 92701

Regal Wine
P. O. Box 60000
San Francisco, CA 94160

Roberto Chong
2417 Huntington lane
Redondo Beach, CA 90278

Santa Monica Seafood
18561 Broadway
Compton, CA 90220

Southern Wine
Los Angeles, CA 90074

sysco
20901 E Currier Road
Walnut, CA 91789

The Paper Co
2815 Walnut Ave
Irvine, CA 92606


Toyota Financial Services
P.O. Box 60114
City of Industry, CA 91716


U. S Foods
Los Angeles, CA 90074


Wells Financial National Bank
1620 E Roseville Parkway #100
Roseville, CA 95661


Ye Yuin Linen
2575 S Normandie Ave
Los Angeles, CA 90007


Youngs Market
P. O. Box 37145
Los Angeles, CA 90030

Fernando W Chong
1729 10th street
Manhattan Beach, CA 90266

Sikhan Chong
1729 10th street
Manhattan Beach, CA 90266

Anthony O. Egbase
Law Offices of Anthony O. Egbase
The World Trade Center
350 S. Figueroa Street, Suite 189
Los Angeles, CA 90071

Bank of America
P.P. Box 15726
Wilmington, DE 19886

Bank of America Home Loans
450 American St
Simi Valley, CA 93065

Capital One
P.O. Box 60599
City Of Industry, CA 91716

Chase
P.O. Box 94014
Palatine, IL 60094

Discover
P.O. Box 30395
Salt Lake City, UT 84130

First American LoanStar Trustee Ser
PO Box 961253
Fort Worth, TX 76161

GMAC Mortgage
P.O. Box 79135
Phoenix, AZ 85062

Hermosa Bro, Inc.
1410 S. PCH
Redondo Beach, CA

Rowland Escrow
1725 S. Nogales Street #101
Rowland Heights, CA 91748

Toyota Financial Services
P.O. Box 60114
City of Industry, CA 91716

Wells Fargo Auto Finance
P.O. Box 29704
Phoenix, AZ 85038

Wells Fargo Home Mortgage
3476 Stateview Blvd
Fort Mill, SC 29715